The Honorable Lindbergh Thomas State Representative P.O. Box 505 Grady, AR 71644-0505
Dear Representative Thomas:
You have presented the following question for my opinion:
 Can a Quorum Court of Jefferson County lawfully enact an ordinance establishing a Jefferson County Commission on Children and Youth?
You have provided me with a copy of a draft of the ordinance that would create the Commission.
RESPONSE
It is my opinion that the Quorum Court can, by ordinance, create a Commission on Children and Youth. However, it must do so in a way that is consistent with state law. When counties legislate in an area that is already governed by state law, they cannot do so in manner that conflicts with state law. See A.C.A. § 14-14-807, -808. The ordinance you have provided appears to conflict with the applicable state law in two ways, as discussed more fully below.
The state law that is applicable to the draft ordinance about which you have inquired is A.C.A. § 14-14-705, which provides a mechanism for the creation of two different types of bodies that could operate as a Commission on Children and Youth: advisory boards and administrative boards. The Commission that would be created by the draft ordinance you have provided appears to have been intended to constitute a county advisory board, rather than an administrative board. The portion of A.C.A. § 14-14-705 that governs advisory boards states:
 A county quorum court, by ordinance, may establish county advisory or administrative boards for the conduct of county affairs.
 (1) ADVISORY BOARDS. (A) An advisory board may be established to assist a county office, department, or subordinate service district. The advisory board may furnish advice, gather information, make recommendations, and perform other activities as may be prescribed by ordinance. A county advisory board shall not have the power to administer programs or set policy.
 (B) All advisory board members shall be appointed by the county judge. Confirmation of advisory board members by a quorum court shall not be required.
 (C) An advisory board may contain any number of members as may be provided by the ordinance creating the advisory board.
 (D) The term of all advisory board members shall not exceed three (3) years.
* * *
 (3) BOARDS GENERALLY. (A) No board member, either advisory or administrative, shall be appointed for more than two (2) consecutive terms.
 (B) All persons appointed to an advisory or administrative board shall be qualified electors of the county. A quorum court may prescribe by ordinance additional qualifications for appointment to county administrative board.
 (C) All board members appointed to either an advisory or administrative board shall subscribe to the oath of office within ten (10) days from the date of appointment. Evidence of oath of office shall be filed with the county clerk. Failure to do so shall be deemed to constitute rejection of the office, and the county judge shall appoint a board member to fill the vacancy.
 (D) No member of a quorum court shall serve as a member of a county advisory or administrative board.
 (E) A person may be removed from a county board for cause by the county judge with confirmation by resolution of the quorum court. Written notification stating the causes for removal shall be provided to the board member prior to the date established for quorum court consideration of removal, and the board member shall be afforded the opportunity to meet with the quorum court in their deliberation of removal.
 (F) Appeals from removal of a county board member shall be directed to the circuit court of the respective county within thirty (30) days after the removal is confirmed by the quorum court.
A.C.A. § 14-14-705.
The ordinance you have provided me is inconsistent with the above-quoted statute in the following two respects:
 • The ordinance permits each quorum court member to appoint a member of the Commission on Children and Youth. Under A.C.A. § 14-14-705(1)(B), the county judge must appoint all members of the Commission.
 • The ordinance requires the quorum court to confirm all appointments to the Commission. Under the express provisions of A.C.A. § 14-14-705(1)(B), quorum court confirmation is not required.
Other than in these two respects, the proposed Commission on Children and Youth, as described in the draft ordinance, appears to be consistent with state law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General